UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOVAK DRUCE CONNOLLY BOVE & QUIGG, LLP, *et al.*, | § § § § § | |
| *Plaintiffs*, | | |
| v. | § § § § § § | CIVIL ACTION H-18-3490 |
| JOSE ANTONIO AROCHI, | | |
| *Defendant*. | | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss, stay, or transfer filed by defendant Jose Antonio Arochi. Dkt. 6. After considering the motion, response, reply, and applicable law, the court is of the opinion that the motion to dismiss, stay, or transfer should be GRANTED and this case should be TRANSFERRED to the U.S. District Court for the District of Columbia.

**I. BACKGROUND**

Arochi is an attorney from Mexico who worked as a foreign associate for Novak Druce Connolly Bove & Quigg, LLP from April 2013 through April 2015 and then claims to have worked for the firm under an oral employment agreement through March of 2016. Dkt. 6; Dkt. 6, Ex. 1.. Arochi contends that he did not receive agreed-upon commissions in November 2015. Dkt. 6. Arochi hired an attorney to represent him on a wage claim against the firm in March 2016, and the parties engaged in sporadic negotiations through September 25, 2018. Dkt. 6, Ex. 2. Plaintiffs Novak Druce Connolly Bove & Quigg, LLP, Burton Amernick, Tracy W. Druce, Gregory V. Novak, and Melvin A. Todd (collectively, "Novak Druce"), filed this declaratory judgment lawsuit on September 27, 2018 seeking declarations that none of the named plaintiffs breached an agreement

with Arochi, that Texas law applies and they are not liable to Arochi under District of Columbia law, that Arochi must disgorge overpayments, that Novak Druce is entitled to damages for abuse of process, and that Novak Druce discharged all obligations to Arochi. Dkt. 1. Novak Druce also seeks an appropriate award to compensate it for the harm caused by Arochi. *Id.*

Arochi contends that he spent three years attempting in good faith to resolve his dispute with Novak Druce and that as the negotiations "neared the finish line, he put [Novak Druce] on notice that suit would be filed on September 28, 2018, to comply with the applicable three-year statute of limitations in the District of Columbia's Wage Payment and Collections Law ["DCWPCL"]." Dkt. 6. Novak Druce then, in an alleged "race to the courthouse," filed this lawsuit in the Southern District of Texas on September 27, 2018. *Id.*; Dkt. 1. Arochi filed his claim in the District of Columbia on September 28, 2018, and he amended his complaint on March 26, 2019. Dkt. 6. His amended District of Columbia complaint alleges six causes of action: violations of the DCWPCL, breach of contract, fraud, successor liability, and unjust enrichment.[1] *Id.*

Arochi moves to dismiss or transfer to the District to Columbia under the improper preemptive declaratory judgment action exception to the first-to-file rule, and he alternatively argues that this case should be stayed or transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest of justice. *Id.* Arochi contends that Novak Druce improperly filed this case in an attempt to have Arochi's claims heard in its choice of forum rather than in the District

---

[1] Novak Druce moved to dismiss Arochi's original complaint in the District of Columbia, and Arochi filed an amended complaint. Dkt. 9 at 3. According the Novak Druce, the amended complaint "simply builds on extortion claims directed toward Plaintiffs' counsel for filing the Texas Action and claims for personal liability against the individual Plaintiffs to frighten them into acquiescing to Defendant's demands." *Id.* Novak Druce has filed a renewed motion to dismiss, which is currently pending in the District of Columbia. *Id.*

of Columbia. *Id.* He also argues that the court should transfer the case under 28 U.S.C. § 1404 if it chooses not to dismiss the lawsuit. *Id.*

Novak Druce opposes Arochi's motion, arguing that it filed this lawsuit "following an impasse in settlement discussions and repeated and increased threats from [Arochi]." Dkt. 9. Novak Druce contends that Arochi "forum shopped the District of Columbia with the intent to invoke the [DCWPCL]." *Id.* It argues that all of the claims in the District of Columbia lawsuit arise from Arochi's 2013 employment contract, which was entered into in Houston, Texas. *Id.* Novak Druce asserts that it filed a motion to dismiss the District of Columbia case in light of the first-filed Texas case and that this motion caused Arochi to "ramp up" his "retaliatory behavior" and file an amended complaint in the District of Columbia. *Id.* Novak Druce argues that Arochi's allegations of an improper anticipatory declaratory judgment for forum shopping are not true, as it advised Arochi Novak Druce would be filing a Texas lawsuit when negotiations reached an impasse. *Id.* It contends *both* parties were racing to the courthouse and the fact that Arochi lost the race to the courthouse is not a sufficient basis for applying the anticipatory exception to the first-to-file rule. *Id.* (citing *Twin City Ins. Co. v. Key Energy Servs.*, No. H-09-0352, 2009 WL 1544255, at *5 (S.D. Tex. Aug. 8, 2012) (Lake, J.) (noting that when the parties agree that litigation can be initiated on a date certain, replacing the "first-to-file rule with the second-to-file rule . . . would be illogical and unworkable"). Novak Druce also points out that settlement negotiations had failed and argues that the anticipatory exception should not apply in such a circumstance. *Id.* It asserts that it did not lull Arochi into inaction but rather informed him in advance that it was filing the Texas action. *Id.* As far as Arochi's request for a transfer of venue under § 1404, Novak Druce argues that a transfer of venue is inappropriate because Arochi has not shown that a transfer is in the interest of justice and the convenience factors weigh against the transfer. *Id.*

## II. LEGAL STANDARD

While a district court "may not dismiss a request for declaratory judgment relief 'on the basis of whim or personal disinclination,'" district courts have discretion on whether to consider declaratory judgment actions. *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir. 1989) (quoting *Hollis v. Itawamba Cty. Loans*, 657 F.2d 746, 750 (5th Cir.1981)). Courts may dismiss declaratory judgment lawsuits when, for example, there is a "pending state court proceeding in which the matters in controversy between the parties may be fully litigated," when "the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping," when "possible inequities" permit "the plaintiff to gain precedence in time and forum, . . . or because of the inconvenience to the parties or witnesses." *Id.* Courts also should consider "whether retaining the lawsuit in federal court would serve the purposes of judicial economy." *Travelers Ins. Co. v. La. Farm Bureau Fed'n*, 996 F.2d 774, 778 (5th Cir. 1993). This list of considerations is "neither exhaustive, nor is it exclusive or mandatory." *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992) (discussing the factors outlined in *Rowan*).

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The 'first to file' rule is grounded in principles of comity and sound judicial administration." *Save Power Ltd.*, 121 F.3d at 950. The rule takes into account that federal courts of equal rank should "'exercise care to avoid interference with each other's affairs.'" *Id.* (quoting *West Gulf Maritime Ass'n v. ILA Deep*

*Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1971)). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Martime Ass'n*, 751 F.2d at 729. "To avoid these ills, a district court may dismiss [or transfer] an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *Id.* & n.1.

"As the first-filed forum, this Court has the responsibility of determining which action will proceed. Although the rule is that the first-filed court should adjudicate the matter, this Court can defer to the later-filed court when 'compelling circumstances' are present." *Serv. Corp. Int'l v. Loewen Grp. Inc.*, No. H-96-3269, 1996 WL 756808, at *2 (S.D. Tex. Nov. 29, 1996) (Rainey, J.) (quoting *West Gulf*, 751 F.2d at 729). Arochi argues that the anticipatory-filing exception should prevent the court from applying the first-to-file rule. This exception applies when "a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping." *True View Surgery Ctr. One, L.P. v. Goodman Glob. Holdings, Inc.*, No. H-15-3287, 2016 WL 755494, at *6 (S.D. Tex. Feb. 24, 2016) (Lake, J.); *see Pac. Emp'rs Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985) ("This Court has stated that a proper factor to consider in dismissing a declaratory judgment suit is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping."). "In such cases, application of the 'first-to-file' rule may 'deprive a potential plaintiff of his [or her] choice of forum' and 'create disincentives to responsible litigation by rewarding the winner of a race to the courthouse.'" *Doubletree Partners, L.P. v. Land Am. Am. Title Co.*, No. 3-08-CV-1547-O, 2008 WL 5119599, *3 (N.D. Tex. Dec. 3, 2008) (quoting *Paragon Indus. L.P. v. Denver Glass Mach., Inc.*, No. 3-07CV2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008)). But, merely filing a declaratory action "is not in itself improper anticipatory litigation or otherwise abusive forum

shopping." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 391 (5th Cir. 2003). Courts should consider whether the first-filing party acted in bad faith by inducing the other party to delay filing a lawsuit. *Doubletree Partners*, 2008 WL 5119699, at *3. Additionally, courts should take into account "the primary reason courts have recognized the anticipatory suit exception to the first-to-file rule is to avoid penalizing a party that has attempted to settle a dispute out of court." *Twin City Ins. Co.*, 2009 WL 1544255, at *5. "In determining whether to dismiss an action," it is incumbent on the court to answer two questions: "(1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case?'" *Multi-Shot, LLC v. B&T Rentals, Inc.*, No. H-09-3283, 2010 WL 376373, at *4 (S.D. Tex. Jan. 26, 2010) (Rosenthal, J.) (quoting *Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, at *5 (E.D. La. 1996)).

### III. ANALYSIS

The court will first consider whether to apply the first-to-file rule or whether it is more appropriate for the U.S. District Court in the District of Columbia to consider the claims under the anticipatory filing exception. It will then turn to the § 1404 transfer analysis.

**A.     First to File Rule Versus Anticipatory Filing**

In order to determine if the court should apply the first-to-file rule here, it is necessary to delve more into the facts. The crux of Arochi's claims, which Novak Druce essentially seeks to invalidate in this action, relates to breach of an alleged oral agreement that Arochi contends was made in Novak Druce's Washington D.C. office.[2] Dkt. 6 at 3–4. Arochi alleges that Novak Druce

---

[2] Novak Druce argues that there is one base contract that was entered into in writing in Houston and that Arochi's claims all arise from that contract and the allegation that Arochi's claims arose in the District of Columbia is "untrue on numerous fronts." Dkt. 9; *see also* Dkt. 1 ¶ 30 ("[T]he overall course of dealings between Defendant and the Firm relating to his employment and

6

employed him in the District of Columbia, he worked in the District of Columbia, and his oral employment agreement was performed in the District of Columbia. *Id.* at 5. He points out that Novak-Druce withheld District of Columbia income taxes amounting to $6,019.66 from his paycheck in 2015.[3] *Id.* at 5 n.1 (citing Dkt. 6, Ex. 10). He thus seeks to recover, in part, under the DCWPCL. *Id.*

Arochi argues that the court should not apply the first-to-file rule and allow the case to proceed in Texas rather than the District of Columbia because (1) this Texas lawsuit is a declaratory judgment filed solely for the improper purpose of forum shopping; (2) this Texas lawsuit, which Novak Druce filed one day before the day it knew Arochi was planning to file his lawsuit in the District of Columbia, is a preemptive strike; (3) Arochi waited to file in the District of Columbia because the parties were attempting to settle their dispute; and (4) Arochi did not file earlier because Novak Druce represented to him that it would not file a declaratory judgment action first. *Id.* He contends that Novak Druce only filed this case because it did not want to litigate in Washington, D.C., due to the DCWPCL. *Id.*

Arochi provides an affidavit from his former lawyer who states that he provided a thirteen-page draft complaint to Novak Druce's counsel on February 15, 2018, and informed Novak Druce's counsel that Arochi would be filing the complaint in the U.S. District Court for the District of Columbia on February 23, 2018, if there were no settlement counteroffers prior to that time. Dkt. 7, Ex. 2 ¶ 7. Arochi's former attorney asserts that Novak Druce's counsel persuaded him that he was

---

compensation were all originated, occurred, controlled, directed or otherwise undertaken and accepted between Defendant and the Firm in this District.").

[3] Arochi attaches his W-2 form, which includes a Washington D.C. address for both the employer, Novak Druce, and Arochi, and indicates that state income tax was withheld. Dkt. 6, Ex. 10.

"trying to convince his clients to make a serious settlement offer," and Arochi thereafter agreed to postpone filing the complaint. *Id.* ¶ 8. The parties engaged in further settlement negotiations, and then on a call on September 17, 2018, Arochi's attorney advised that Arochi was planning to file the complaint on September 28, 2018, in order to comply with the DCWPCL statute of limitations. *Id.* ¶ 13. On September 25, 2018, Novak Druce's counsel advised Arochi's counsel that his clients "had vented about the possibility of filing a preemptive lawsuit in Houston, seeking a declaratory judgment that it did not owe Mr. Arochi money, so as to not have to not have to litigate in D.C. once Mr. Arochi filed his complaint against them." *Id.* ¶ 14. Arochi's counsel advised that this would violate the anti-retaliation provision of the DCWPCL, and Novak Druce's counsel assured him that he had convinced his clients not to file a declaratory judgment action. *Id.* Nevertheless, Novak Druce filed this case on September 27, 2018, just one day before the day Arochi had advised he was going to file the D.C. lawsuit. Arochi filed his D.C. lawsuit the next day.

Novak Druce contends that Arochi's allegations of improper anticipatory declaratory judgment for forum shopping "are not true." Dkt. 9 at 8. It argues that Arochi's allegation there was a separate oral agreement entered into in the District Columbia is "an attempt to forum shop away from the Texas court and create a relationship to Washington D.C." Dkt. 9 at 2. It asserts that what actually happened on the day that Arochi contends the oral agreement was made was an annual performance evaluation, which occurred in the District of Columbia rather than Houston "as an accommodation to Defendant." *Id.* Novak Druce argues that there is one base contract that was entered into in Texas in 2013 in writing and then modified annually based on Arochi's performance.[4] *Id.* Novak Druce argues that Arochi "ignores the uncontroverted evidence that all matters

---

[4] Novak Druce presents all of its factual assertions in its response without providing an affidavit or other evidentiary support. *See* Dkt. 9.

concerning his employment were decided, managed and directed in Texas at all times when he lived in Texas and when he moved away." *Id.* It asserts that Arochi is seeking "to dismiss the action pending in this Court to enforce a self-conceived undocumented oral agreement in the District of Columbia when [Arochi] lives in Mexico because 'the equities' dictate such a preposterous result." *Id.*

Novak Druce contends that it only filed this lawsuit after the parties reached an impasse in settlement discussions. *Id.* It notes that it made Arochi aware in advance that it intended to file a declaratory judgment in Texas and that Arochi filed an action in the District of Columbia "requesting virtually identical relief as in the Texas Action, plus claims against Plaintiffs' counsel just as he threatened." *Id.* at 3. Novak Druce argues that Arochi forum shopped because he intended to invoke the DCWPCL even though the claims arose from the 2013 Texas employment contract. *Id.* Novak Druce contends that its filing of the Texas lawsuit was not preemptive because its counsel told Arochi about its plans to file the Texas lawsuit and since both sides knew an impasse had been reached, Arochi "could not have been surprised or caught off guard by the filing of the Texas Action." *Id.* at 9.

The court has reviewed all of the arguments and the evidence before it and it finds that the Texas lawsuit was filed in anticipation of Arochi filing his lawsuit in the District of Columbia and was filed here to ensure a Texas forum. Novak Druce chose to file one day before it knew Arochi was going to file, and the only actual evidence presented indicates that Novak Druce's counsel represented to Arochi's counsel that Novak Druce would not file a declaratory judgment here before that. But it did. The court finds that the matters are so duplicative that only one court should

9

consider the matter,[5] and it finds that the appropriate court in this case is the Arochi's choice of forum—the federal district court in the District of Columbia. The first-to-file rule does not dictate otherwise because the evidence presented indicates that Novak Druce's declaratory judgment filing in this court was anticipatory.

**B.      Motion to Transfer Venue**

The court finds that transfer is preferable to dismissal and therefore addresses the motion to transfer venue factors in an abundance of caution. Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to a district court where it "might have been brought or to any district of division to which all parties have consented" "[f]or the convenience of parties and witnesses [and] in the interest of justice." The moving party must demonstrate that the venue it desires is "clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). Courts must weigh several private and public interest factors in making this determination. *Id.* at 315. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 203. The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict or laws of the application of foreign law."

Novak Druce contends that the only connection this case has to the District of Columbia is Arochi's "concocted 2015 oral agreement," and that all but one of the plaintiffs are from Texas, the

---

[5] The parties agree that the matter substantially overlap. *See* Dkts. 6, 9.

law firm is in Texas, the evidence is in Texas, and Arochi is in Mexico.[6] *Id.* at 4. It contends that the convenience of the parties weighs in favor of its right to proceed with its first-filed Texas lawsuit. *Id.*

Arochi, on the other hand, argues that the core events giving rise to the claims in this dispute arose out of the breach of the oral employment agreement formed in Washington D.C. in 2015 because Novak Druce did not pay him the commissions he earned under that agreement. Dkt. 6. He contends that Novak Druce's contention that he did not work in the District of Columbia is "totally false" as he came to work every day in his office there, the Washington D.C. office issued his paycheck, and it withheld District of Columbia taxes. *Id.* He contends that the court should transfer the case to the District of Columbia in the interest of justice. *Id.*

### 1. Might Have Been Brought

First, the court must determine if the case "might have been brought" in the U.S. District Court of the District of Columbia. Both parties acknowledge in their complaints that diversity of citizenship exists. *See* Dkt. 1 (Novak Druce's complaint in the instant case); Dkt. 9, Ex. C (Arochi's District of Columbia complaint). The events that allegedly gave rise to this claim according to Arochi, occurred in the District of Columbia. Dkt. 6. Novak Druce argues that the events giving rise to this litigation occurred in Houston and there was no oral contract formed in the District of Columbia. Dkt. 9. However, it seeks a declaration that "all Plaintiffs . . . have not breached any agreement with Defendant," including the alleged oral agreement in the District of Columbia, and that the plaintiffs "are not liable under the District of Columbia Wage Payment and Collection Law."

---

[6] The other plaintiff resides in Maryland and works in the District of Columbia. Dkt. 1. According to Novak Druce's complaint, this plaintiff "was a partner of Plaintiff and based in the Firm's District of Columbia office." *Id.*

Dkt. 1. The court finds that the declaratory judgment action "might have been brought" in the District of Columbia. *See* 28 U.S.C. §§ 1332, 1391(b)(2).

### 2. Public and Private Interests

Next, the court finds that the public and private interest factors weigh in favor of transferring the case to the U.S. District Court for the District of Columbia.

#### a. Ease of Access of Proof

The first private interest factor is ease of access of proof. Arochi asserts that the proof in this case will mainly consist of electronic documents. Dkt. 6. While he acknowledges that Novak Druce may have some documents in Houston, he contends that they are not voluminous and thus should not weigh heavily in favor of a Houston venue. *Id.* Druce Novak contends that the burdens posed on it to expend time and resources to travel to the District of Columbia and otherwise litigate there are considerable. Dkt. 9. The court agrees with Arochi that most items needed will be available in electronic form or not so voluminous that bringing them along on a flight to the District of Columbia will be overly burdensome.

#### b. Availability of Compulsory Process

With regard to compulsory process, Arochi provides a list of seven witnesses that he intends to call who reside in the District of Columbia area, and he provides the reasons why these witnesses' testimony is needed. *See* Dkt. 7, Ex. 1. Arochi asserts that the court may not have the power to subpoena these witnesses due to the 100-mile limit in Federal Rule of Civil Procedure 45(c). *See* Dkt. 6. Druce Novak contends that the argument regarding the 100-mile rule applies both ways and can be used in favor of Druce Novak as to Texas-based witnesses, but it does not provide a list of Texas-based witnesses who are not parties and would not be subject to the District of Columbia's subpoena power. *See* Dkt. 9. As far as Arochi's list, Druce Novak contends that it is "self-serving"

and that Arochi "fails to address the realities of almost all litigations [sic.], which is that depositions will most likely occur and deposition testimony may be used at trial." *Id.* However, the reality of litigation is that live testimony is almost always preferable to deposition testimony during a jury trial, thus making this factor still relevant to the motion-to-transfer analysis. The court finds that this factor weighs in favor of Arochi.

### c. Cost of Attendance for Willing Witnesses

The next factor is cost of attendance for willing witnesses. Druce Novak points out that four of the five plaintiffs are Texas residents and asserts that the convenience of Arochi's "hypothetical list of witnesses cannot outweigh the convenience of the actual parties." Dkt. 9. Arochi argues that Druce Novak and Amernick reside in the District of Columbia for venue purposes and that the firm continues to practice law in the District of Columbia. Dkt. 10. He asserts that the District of Columbia is not inconvenient for Druce Novak and that it is more convenient for Arochi, who resides in Mexico but can stay with friends in Washington, D.C., as needed. *Id.* The court finds that this factor weighs slightly in favor of Druce Novak.

### d. Public Interest Factors

The relevant public-interest factors are administrative difficulties flowing from court congestion, local interest in having localized interest decided at home, and the familiarity of the forum with the governing law.[7] Arochi contends that the judge in the District of Columbia will "likely expedite and move [this case] up on the calendar" due to the simple proof of claims in this case, and he anticipates the lawsuit will go to trial within a year. Dkt. 6. Novak Druce points out that this is "pure speculation," that the proof of claims would be the same in both courts, and that the time to trial should be substantially the same. Dkt. 9. With regard to local interests, Arochi

---

[7] The fourth public interest factor is not relevant in this case.

contends the factor weighs "heavily in favor of transfer" because the District of Columbia court has "substantial experience and familiarity" with the DCWPCL. Dkt. 6. Novak Druce argues that the alleged claims under the DCWPCL involve the same underlying facts as the common law claims and can be just as easily determined by this court. Dkt. 9. It also contends that the DCWPCL substantially overlaps with the FLSA, with which this court is extremely familiar. *Id.* Arochi points out that the District of Columbia court has issued over forty opinions involving the DCWPCL. Dkt. 6. The court agrees with Novak Druce that Arochi's contention regarding an expedited trial are speculative, which makes the first factor neutral, and it agrees with Arochi that the District of Columbia court will be more familiar with the DCWPCL than this court, though of course this court could of course apply the law without issue. The court finds that both Houston and the District of Columbia have interest in this case, since Novak Druce has practiced in both cities and Arochi worked in both cities, but the District of Columbia has slightly more interest given its Wage and Pay law is at issue. These public interest factors, taken together, weigh slightly in favor of Arochi.

The court finds that on balance, Arochi has met his burden of showing that the District of Columbia is a more convenient forum. Arochi's motion to transfer venue is GRANTED.

## IV. CONCLUSION

Arochi's motion to dismiss, stay, or transfer is GRANTED. Rather than dismissal, the court finds transfer to the U.S. District Court in the District of Columbia court where Arochi filed his lawsuit is appropriate, which gives the judge considering Arochi's claims the ability to structure the case procedurally as he or she sees fit.

This case is hereby TRANSFERRED to the U.S. District Court for the District of Columbia.

Signed at Houston, Texas on September 5, 2019.

_____
Gray H. Miller
Senior United States District Judge